UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>S FINK, C MUTIS, et. al.,<br><br>　　　　　　Respondents. | Case No. 1:18-cv-00723-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Robey Kurt Hairston, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner does not challenge his conviction or sentence but alleges that certain prison officials have assaulted him. *See id*. at 5-10. The petition also overlaps with another habeas petition pending before this court. *See generally Hairston v. Zulfa*, Case No. 1:19-cv-23-JDP (E.D. Cal. filed Dec. 14, 2018). We recommend that the court dismiss the petition without prejudice for lack of jurisdiction without leave to amend.

**I.　Screening**

Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v.*

*Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Unlike a complaint in other civil cases, a Section 2254 petition must adhere to a proscribed form appended to Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion, and the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

### a. Jurisdiction

We begin with the threshold issue of jurisdiction. If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the court lacks habeas corpus jurisdiction, and the petitioner may assert his claim only under 42 U.S.C. § 1983. *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016).

Here, petitioner's claim does not challenge the validity or duration of his confinement. He alleges that certain prison officials assaulted him—a common theory in Section 1983 actions—but does not explain how any assault affects the validity or duration of his confinement. Petitioner may have erroneously filed a form intended for a Section 2254 habeas petition when he meant to file a Section 1983 complaint. *See generally* ECF No. 1. Petitioner has made the same mistake in other cases dismissed at screening. *See Hairston v. Oglesby*, No. 1:16-cv1547-JLT, 2016 WL 7104177, at *1 (E.D. Cal. Dec. 5, 2016); *Hairston v. Horsts*, No. 1:14-cv-01563-LJO-SKO, 2014 WL 5427115, at *1 (E.D. Cal. Oct. 22, 2014).

Petitioner states in passing that he was assaulted in connection with certain false charges and false arrests. He alleges:

> **GROUND ONE**: App. Assaulted 8/31/17, by S.Fink, C. Mutts, Zalhariah
>
> (a) Supporting Facts

> On 8/31/2017, App. Has bot *false charges* from 3 employees, conspiring to intrap app. With a case illegally violating civil rights. On 9/28/14 App went to court on Co's assaulting App causing injury. Now there retaliating with Co's in racist hate crimes! App. Has been trying to pursue law suit on all hate crimes, was assaulted on 9/28/2014, 8/28/17 *false arrest* by six Co's making threats to cause body harm attempted murder!

ECF No. 1 at 5 (emphasis added). Petitioner does not explain whether the allegedly false charges resulted in any extension of his incarceration—for example any loss of good time credit caused by a disciplinary violation. It is incumbent upon petitioner, not this court, to provide enough facts to support his habeas claim; we may not assume facts not alleged in the petition or construct an argument on petitioner's behalf. *See* Rule 2(c) Governing Section 2254 Cases; *Pliler v. Ford*, 542 U.S. 225, 231 (2004).[1] This court lacks habeas jurisdiction over this proceeding.

**b. Conversion**

We next consider whether to convert the petition into a Section 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under Section 1983).

Here, the petition does not appear amenable to conversion on its face. Conversion would result in a strike under the Prison Litigation Reform Act for failure to state a claim because petitioner's allegations are too conclusory to state a Section 1983 claim. *See* 28 U.S.C. § 1915(g). Petitioner does not explain the circumstances of his assault; he states only a legal conclusion that he was unlawfully assaulted by prison officials. The court should not convert the petition into a Section 1983 complaint.

---

[1] The references to false charges and false arrests overlap with those in a petition in another case pending before this court, so the dismissal of the petition in this case would not prejudice petitioner. *See Hairston v. Zulfa*, Case No. 1:19-cv-00023-JDP, ECF No. 1 at 6-7 (E.D. Cal. Dec. 14, 2018).

### c. Leave to Amend

The next question we face is whether we should allow petitioner an opportunity to allege additional facts. This court has dismissed at screening a similar petition filed by the same petitioner without leave to amend. *See* Case No. 14-cv-1563, ECF No. 10 (O'Neill, J.). Petitioner has been advised by several judges in the Ninth Circuit on how to state a cognizable claim. *See Oglesby*, 2016 WL 7104177, at *1 (Thurston, J.); *Horsts*, 2014 WL 5427115, at *1 (Oberto, J.); *Hairston v. Hudson*, No. 10-cv-1057-RGK, 2010 WL 2940946, at *1 (C.D. Cal. July 27, 2010) (Klausner, J.). Petitioner also would not suffer prejudice as the result of this dismissal. The assault that allegedly occurred on August 31, 2017, could be timely and procedurally sound—if petitioner exhausts his administrative remedies before filing another case—under the three-year statute of limitations period that accounts for his status as a prisoner. *See Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). As for other instances of assault, they allegedly occurred in 2014, and it appears far too late for petitioner to exhaust administrative remedies as to those claims. Finally, if this dismissal improperly prejudices petitioner, he may later seek relief from judgment or move to reopen this case—upon showing good cause. *See* Fed. R. Civ. 60(b) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."); *Ybarra v. Filson*, 869 F.3d 1016, 1022 (9th Cir. 2017) (discussing a motion to reopen in a habeas proceeding). In light of these circumstances, the court should dismiss this case without prejudice.

## II. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

### III. Findings and Recommendations

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: April 29, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202